**CRAPO | SMITH**
David J. Crapo, #5055
Douglas C. Smith, #10805
1706 South 500 West, Suite 250
Bountiful, Utah   84010
Telephone: (801) 383-1900

*Attorneys for Plaintiffs*

___

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

___

| | |
|---|---|
| LAUREN RUDD, an individual, and DICK BICKERTON, and individual, | |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| IKON PARTNERS, LLC, a Utah Limited Liability Company, JAROM DASTRUP, an individual, DUSTY DASTRUP, an individual, and JAREN AHLMANN, an individual, | Civil No. 2:11-CV-00923 DN |
| Defendants. | Judge David Nuffer |

___

On November 2, 2012, this Court heard oral argument from all parties regarding (1) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted (the "Motion to Dismiss")(Docket No. 42); (2) Defendant Dusty Dastrup's Motion for Partial Summary Judgment (the "Motion for Partial Summary Judgment")(Docket No. 44); (3) Notice of Joinder by Jarom Dastrup (Docket No. 48) (collectively, the "Defendants' Motions"); (4) Plaintiffs' Motion Pursuant to 56(d) (the "56(d)

Motion") (Docket No. 56); and (5) Defendant Dusty Dastrup's Motion to Strike Affidavit of Lauren Rudd (the "Motion to Strike") (Docket No. 58).  The Court granted in part and denied in part Defendant's Motions.  The Court ordered that counsel for defendant Dusty Dastrup prepare an Order regarding the portion of Defendant's Motions that was granted and ordered that Plaintiffs' counsel prepare an Order for the portion of the Defendants' Motion that was denied.

On November 16, 2012, Plaintiffs' counsel, Douglas C. Smith, prepared his portion of the Order denying Defendants' Motions in part, *see* Exhibit A, and emailed it to opposing counsel for each defendant, s*ee* Exhibit B.  No party has filed an objection to the Plaintiffs' proposed order, pursuant to DUCiv R54-1.

Therefore, the Court, having reviewed the pleadings, having received oral argument, and otherwise being fully informed on the matters, HEREBY ORDERS that:

The Defendants' Motions are granted in part and denied in part.  The Defendants' Motions to dismiss Plaintiffs' First Claim for Relief as set forth in their Amended Complaint (Docket No. 31) alleging violations of Section 12(a) of the Securities Act of 1933 was granted because that claim is barred by the applicable statute of repose.  *See* Order, docket no. 94, filed January 3, 2013.

The remainder of the Defendants' Motions are denied.  Both the Motion to Dismiss and the Motion for Partial Summary Judgment raise similar arguments regarding the applicable statutes of limitation.  Both argue that Plaintiffs' Second, Third, and Fourth Claims should be denied because the applicable statutes of limitation ran prior to Plaintiffs' filing of the Complaint. Specifically, they argue that the statute of limitations began to run (i) in June of 2008, when a

complaint was filed by the defendant IKON Partners, LLC against Miko Wady (the mastermind of the Ponzi-scheme investment in which Plaintiffs' funds were "invested"); (ii) when plaintiffs' attorney, Ryan Rudd, conducted some investigation into the investments and submitted an email to defendants regarding the results of those findings (indicating that it appeared the investments were a farse); or (iii) at the latest, by February of 2009 when plaintiff Lauren Rudd sent an email to defendant Jarom Dastrup that, among other things, raised concerns about the level of due diligence performed by defendants prior to plaintiffs' investment. This Court disagrees with defendants' arguments.

The applicable statute of limitations for plaintiffs' second and third Claims does not begin to run "until discovery of the *facts constituting the violation*."[1] Scienter is a fact that is an important and necessary element of Plaintiffs' claims.[2] Scienter "refers to a mental state embracing intent to deceive, manipulate, or defraud."[3] "A plaintiff cannot recover without proving that a defendant made a material misstatement *with an intent to deceive* – not merely innocently or negligently."[4]

*Merek* provides this Court guidance in rendering its decision on this matter. In *Merek*, the United States Supreme Court held that a plaintiff's claims were not barred by the applicable statute of limitations, even though plaintiffs were aware of an FDA warning letter to the defendant company (made public), as well as a product's liability complaint against the defendant company,

---

1 *Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784, 1796 (2010) (internal quotation marks omitted, emphasis in original).
2 *Id.*
3 *Id.*
4 *Id.* (emphasis in original).

3

both of which addressed plaintiff's claims that the company misrepresented the risks of heart attacks accompanying use of the product more than two years prior to their filing of their complaint.[5] The Court held that the letter and complaint did not, together or separately, reveal "facts" indicating scienter.[6]

      Like *Merek*, this Court finds that neither the complaint filed against Wady, nor the letter from plaintiffs' attorney Ryan Rudd, nor the letter from plaintiff Lauren Rudd, together nor separately, reveal facts indicating scienter – that defendants made the alleged material misrepresentations or omissions with an intent to deceive plaintiffs. Because none of the facts relied on by defendants in Defendants' Motions reveal facts indicating scienter, this Court finds that the statute of limitations did not begin to run at the times asserted by defendants. Thus, plaintiffs' Complaint was filed timely and not barred by the applicable statutes of limitation. Accordingly, Defendants' Motions on plaintiffs' Second Claim for Relief, dealing with Section 10(b) of the 1934 Act and Rule 10b-5, as well as plaintiffs' Third Claim for Relief, dealing with Section 20(a) of the Exchange Act are denied.

      Similarly, this Court also finds that the statute of limitations did not begin to run on the remainder of plaintiffs' claims sought to be dismissed by Defendants' Motions. Like the federal securities claims, this Court finds that Plaintiffs were not aware of all of the facts giving rise to their causes of action, necessary to commence the running of the applicable statutes of limitation, until (at the earliest) December of 2010. This would make Plaintiffs' Complaint timely on all of

---

5 *Id.* at 1799.
6 *Id.*

their causes of action. Therefore, the remainder of Defendants' Motions, based on arguments relating to statutes of limitation, are hereby denied.

The remainder of the Motion to Dismiss is likewise denied. This Court retains jurisdiction, as it has not dismissed all of Plaintiffs' federally-based security claims against Defendants. Further, the Court finds that Plaintiffs have pled scienter sufficiently in the Amended Complaint and that Plaintiffs have sufficiently alleged that defendant Ahlmann owed Plaintiffs a duty to disclose the alleged omitted or misrepresented information. Finally, the Court finds that Plaintiffs have not failed to join an indispensable party, for the reasons set forth in Plaintiffs' opposition memorandum to the Motion to Dismiss (Docket No. 49).

Given this Court's ruling on Defendants' Motions, the 56(d) Motion and the Motion to Strike do not need to be considered by this Court and are therefore denied. (Docket nos. 56 and 58).

Dated January 3, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge